[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-11213

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

COMMISSIONER GREGORY DOZIER,
FORMER COMMISSIONER HOMER BRYSON,
TIMOTHY WARD, Assistant Commissioner,
FACILITIES DIRECTOR JACK KOON,
DEPUTY STEVEN UPTON, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:18-cv-00245-TES-CHW

————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint raising claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 21C, *et seq.* The district court dismissed Daker's complaint without prejudice because he had three previous "strikes"—or cases dismissed as frivolous, malicious, or for failure to state a claim under the Prison Litigation Reform Act—and he did not demonstrate that he qualified for the "imminent danger" exception to proceed *in forma pauperis*. Daker argues that the district court erred in concluding that his complaints did not allege an imminent danger of serious physical harm. He also argues that the court abused its discretion by declining him leave to amend his complaint based on the expiration of a two-year statute of limitations period.

Daker, "an extraordinarily prolific serial litigant," has filed numerous complaints raising essentially the same arguments he raises now. *See Daker v. Ward*, 999 F.3d 1300, 1302 (11th Cir. 2021)

(*Daker I*). Specifically, that he was eligible for the "imminent danger" exception to the PLRA because prison officials had an ongoing custom of physically forcing and threatening to use force to shave him and other prisoners. *Id.* at 1310–13. We ultimately held that: (1) "allegations of past danger cannot establish a present imminent danger"; and (2) "the kinds of minor injuries Daker allege[d] were caused by being forcibly shaved, such as *burns, cuts, and bruises*, fall short of the seriousness of injury that this Court has found satisfies the imminent danger standard." *Id.* at 1312–13 (emphasis added). We conclude that the district court did not err in determining that Daker did not qualify for the "imminent danger" exception because his argument to the contrary is foreclosed by our previous holding in *Daker I.*

Daker also argues that the district court abused its discretion by denying him leave to amend his complaint before dismissing it without prejudice. But dismissals without prejudice are generally not an abuse of discretion. *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). And, contrary to Daker's assertion, the district court's dismissal was not tantamount to one with prejudice by virtue of an expired statute of limitations. Daker filed in 2018 based on claims that he alleged accrued that year and that were subject to a two-year statute of limitations. Thus, the claims were still timely, if at all, in 2019 when the district court dismissed them without prejudice. Accordingly, we **AFFIRM**.